FILED
SUPERIOR COURT
OF GUAM

2022 FEB -8 AM 10: 37

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>**CHRIS JUNIOR ANDERSON TEDTAOTAO,**<br><br>Defendant. | CRIMINAL CASE NO. **CM0233-21**<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on November 8, 2021, for hearing on Defendant Chris Junior Anderson Tedtaotao's ("Defendant") Motion to Dismiss with Prejudice. Present remotely via Zoom were Assistant Attorney General Minji E. Kim on behalf of the People of Guam ("the Government") and counsel for Defendant, Alternate Public Defender Ana Maria C. Gayle. Defendant was not present. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

On June 14, 2021, a grand jury indicted Defendant with the charges of (1) Interfering with the Reporting of Family Violence (As a Third Degree Felony); (2) Felony Escape (As a Third Degree Felony); and (3) Family Violence (As a Misdemeanor) in Criminal Case No. CF0276-21. (Indictment in CF0276-21, Jun. 14, 2021). Defendant asserted his right to a speedy trial in CF0276-21 at Arraignment on June 23, 2021. Subsequently, on June 29, 2021, Defendant filed a Motion to Dismiss the First and Second Charges or in the Alternative for a

Bill of Particulars in CF0276-21. The Government opposed dismissal of the First Charge but requested that the court dismiss the Second Charge of Felony Escape (As a Third Degree Felony) without prejudice "because the facts charged would be better served in its own complaint as it was a separate course of conduct and because no prejudice would have occurred to the Defendant at this time." (Resp. at 8 in CF0276-21, Jul. 2, 2021).

On July 7, 2021, the instant matter commenced with the filing of a Complaint against Defendant for the charge of Ordinary Escape (As a Misdemeanor). (Compl., Jul. 7, 2021).

On September 8, 2021, Defendant entered a plea of not guilty and waived his right to speedy trial in this matter.

On October 7, 2021, Defendant filed a Motion to Dismiss with Prejudice in this matter. On October 20, 2021, the Government filed its Response, and on October 25, 2021, Defendant filed his Reply.

On October 20, 2021, the court in CF0276-21 denied Defendant's Motion to Dismiss the First Charge but granted the dismissal of the Second Charge of Felony Escape without prejudice, taking judicial notice of the instant criminal matter.[1] *See* Dec. & Order at 12-13, Oct. 20, 2021.

On November 8, 2021 at the calendared Motion Hearing in the instant matter, the parties rested on their briefs, and the Court placed the matter under advisement.

## DISCUSSION

Defendant moves the Court to dismiss the charge of Ordinary Escape (As a Misdemeanor) because (1) it is duplicative of the prior pending felony case and as a product of the prosecution's misconduct; and (2) Defendant was not in custody as set forth in the statute. *See generally*, Mot. Dismiss, Oct. 7, 2021. The Government opposes, arguing that dismissal is not warranted under the argument of duplicity, there was no prosecutorial misconduct, and that

---

[1] The Court notes that CF0276-21 has since been dismissed. On October 22, 2021, the Government moved to dismiss CF0276-21 without prejudice. (Mot. Dismiss in CF0276-21, Oct. 22, 2021). The court in CF0276-21 granted the motion to dismiss and released Defendant, but reserved on whether the matter would be dismissed with or without prejudice. (Minute Entry in CF0276-21, Oct. 25, 2021; Order of Release from Confinement, Oct. 25, 2021).

there is probable cause to move forward with the charge of Ordinary Escape. *See generally,* Opp'n, Oct. 20, 2021.

Upon review, the Court does not find dismissal to be appropriate on the basis of duplicity, nor does it find it clear that the Government acted in bad faith in choosing to dismiss the charge of Felony Escape (As a Third Degree Felony) in CF0276-21 and refile it as a misdemeanor in the instant case. The Government moved to dismiss the felony escape charge after reviewing Defendant's Motion to Dismiss in CF0276-21. The presumption that the Government sought dismissal of the charge in CF0276-21 in good faith has not been overcome. *See e.g., People v. Gutierrez,* 2005 Guam 19 ¶ 51 ("The prosecutor's good or bath faith *in bringing the motion [to dismiss]* is the determining factor in granting or denying the motion."); *People v. Flores,* 2009 Guam 22 ¶ 29 ("we are guided by a presumption of good faith on the part of the prosecution.").

The Court also does not find dismissal warranted on Defendant's claim that the statute does not support the offense charged. The Complaint charges Defendant as follows:

> On or about the 4th day of June, 2021, CHRIS JUNIOR ANDERSON TEDTAOTAO, did commit the offense of ***Ordinary Escape (As a Misdemeanor),*** in that he intentionally or knowingly escaped from custody, in violation of 9 GCA §§ 58.30 and 58.10(a).

(Compl., Jul. 7, 2021). This charge stems from allegations that Defendant escaped from Guam Behavioral Health and Wellness Center ("GBHWC") after having been arrested and admitted to GBHWC the same day based on allegations of family violence. (Decl. of Alysa Draper-Dehart, Compl., Jul. 7, 2021). A GPD Officer was present at GBHWC front area throughout Defendant's admission to GBHWC. *Id.* When Defendant was escorted outside to have fresh air, Defendant walked around an enclosed area surrounded by a concrete wall about six to seven feet in height. *Id.* Defendant was followed by a GBHWC employee, Rodrigo Herradura and was also monitored by a GBHWC guard, Frankie Benavente. *Id.* Defendant then jumped the concrete wall and jumped a chain link fence onto the Guam Memorial Hospital parking lot area. *Id.* Mr. Benavente followed and saw Defendant get into a white Jeep and leave the area. *Id.*

Defendant argues that because there was no court order of restraint, he was not in custody. (Mot. Dismiss at 12-13).

Section 58.10 provides in relevant part:

(a) *Custody* means restraint by any public officer or employee pursuant to an order of a court other than an arrest warrant or restraint by a peace officer or other person concerned in detention:

    (1) pursuant to an arrest, with or without an arrest warrant, during or subsequent to the official booking of the person arrested; or

    (2) in a detention facility.

(b) *Detention Facility* means:

    (1) any place used for confinement, pursuant to an order of a court, of:

        (A) persons charged with or convicted of an offenses;

        (B) persons against whom judicial proceedings leading to involuntary confinement have begun, are pending or have been concluded; or

        (C) persons against whom extradition orders are sought or have been obtained.

    (2) Any place to which a person ordered to be confined to a detention facility pursuant to Paragraph (1) has been or is being lawfully taken for purposes of labor, court appearance, recreation, medical or hospital care, transit or similar purpose.

(c) Notwithstanding Subsections (a) and (b), neither *custody* nor *detention facility* includes release on parole, probation or other correctional supervision, or constraint incident to release, with bail or on one's own recognizance, by court order or by other lawful authority upon condition of subsequent personal appearance at a designated time and place.

9 G.C.A. § 58.10(a)-(c).

The Court finds that Defendant's conduct falls within a plain reading of the statue and related definitions. The Court finds Defendant was in custody at GBHWC, pursuant to an arrest. Defendant's placement at GBHWC for mental health concerns did not sufficiently frustrate his custodial status, especially considering that a GPD officer was stationed at the location throughout Defendant's admission. Therefore, the Court denies Defendant's Motion to Dismiss with Prejudice.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Dismiss with Prejudice. A Status Hearing is set for **March 1, 2022** at **10:30 a.m.**

**IT IS SO ORDERED** this 8th day of February, 2022.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam